[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Appellant brings this appeal from a refusal of the Windsor Probate Court to admit the will of Walter J. Brant (Decedent) to probate. The probate court ruling was based on C.G.S. § 45a-257, as in effect before the effective date of Public Act 96-202.
 FACTS
Decedent died on September 17, 1998. Thereafter the Windsor Probate Court, Judge Brian T. Griffin, denied an Application for Admission to Probate of a document purporting to be Decedent's will which had been validly executed by Decedent.
This appeal is brought by Decedent's son, Walter A. Brant, Jr. who would be the primary beneficiary under the will.
The defendants, Elizabeth Labrecque and Michelle Ellis (Defendants) are heirs-at-law of Decedent. Elizabeth Labrecque is a daughter of the Decedent and Michelle Ellis is a granddaughter, being one of two issue of a daughter who predeceased the Decedent.
The Decedent was married to Laura Wassell Brant (Laura) at the time he executed the will. At that time both lived at 48 Hope Street, Windsor, Connecticut.
Decedent and Laura were having some marital difficulties by 1975 and they separated. Decedent stayed in the house with the furniture. After that their marriage was dissolved on August 4, 1976. At that time there were three suites of bedroom furniture in the 48 Hope Street house where Decedent still lived. One of those three suites had been a wedding present from Laura's mother.
The dissolution judgment ordered Decedent to "give the bedroom set to" Laura. The set ordered given was not identified. Laura came sometime after August 4, 1976 and took one suite of bedroom furniture. CT Page 3869
Laura was named as a beneficiary under Article Second in the will which read as follows:
 "SECOND: To my beloved wife LAURA, I give and bequeath her the choice of selecting one of the three (3) bedroom sets at No. 48 Hope Circle, Windsor, Conn. for herself which choice shall be made within thirty (30) days after my decease."
This article makes no distinction among the three suites of bedroom furniture.
Laura is now incompetent and is represented by a conservator.
No record was made in this case before the Probate Court under C.G.S. § 51-72.
The court cannot find that a bedroom set given by Laura's mother belonged to Laura at any time until she took it after the dissolution.
 LAW
The court takes this matter de novo, C.G.S. § 51-72.
The statute C.G.S. § 45a-257 (a) is vital to this decision and it reads as follows:
 "If, after the making of a will, the testator marries or is divorced or his marriage is annulled or dissolved or a child is born to the testator or a minor child is legally adopted by him, or a child is born as a result of A.I.D. as defined in section 45a-771, to which the testator has consented in accordance with subsection (a) of section 45a-772, and no provision has been made in such will for such contingency, such marriage, divorce, annulment, dissolution, birth or adoption of a minor child shall operate as a revocation of such will, provided such divorce, annulment or dissolution shall not operate as a revocation of such will if the spouse of the testator was not a beneficiary under such will. The revocation of such will by divorce, annulment or dissolution of marriage shall be effective only as to wills executed on and after October 1, 1967".
The question is whether or not Laura was still a beneficiary under the will when the dissolution judgement was entered. Under CT Page 3870 the 1971 will she had but one bequest and that was a choice of one of three suites of bedroom furniture. She took a suite of her choice but she took it after the dissolution and before his death.
When the dissolution was ordered the Decedent still possessed all three suites of bedroom furniture and thus Laura was still a beneficiary under the above statute and continued as such until his death.
The will was revoked when the decree entered. Plaintiff has the burden of proof as to his claim that Laura was not a beneficiary after the dissolution. He has not sustained that burden.
The Court cannot find that Laura took any bedroom suite before the dissolution. It is much more possible that she took it after the dissolution because if she already had a suite the Court would have no reason to order one given to her.
As the plaintiff says in his memorandum of June 18, 1999, unnumbered page 4, "In furtherance of said order [in the dissolution decree] the decedent's spouse took possession of ["a bedroom set"]." To this Court that means after the decree.
Judgment for Defendants.
Norris L. O'Neill